

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2008

# Panetta v. SAP America Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Panetta v. SAP America Inc" (2008). *2008 Decisions.* Paper 423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2180
_____

LARRY PANETTA,
individually and on behalf of all others similarly situated,

Appellant

v.

SAP AMERICA, INC., MATTHEW IACOVIELLO,
COURTNEY DEPETER, PATRICIA LAVAN, ESQUIRE,
BILL McDERMOTT and TERRY W. LAUDAL

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 05-cv-04511)
District Judge: Hon. Lawrence F. Stengel

Submitted under Third Circuit LAR 34.1(a)
on April 11, 2008

Before: SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 2, 2008)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

This appeal concerns the propriety of the United States District Court's order denying plaintiff Larry Panetta's request for leave to amend his complaint to add a claim of unjust enrichment/quantum meruit. We conclude there was no abuse of discretion in denying such request, and so we will affirm the judgment of the District Court.

## I. BACKGROUND

Because we write primarily for the parties who are familiar with this case, we only briefly recite the facts.

Panetta worked as a solutions engineer with SAP America, Inc., from 1995 to 2004 and was part of a team that generated sales to prospective software licensing customers. During the course of his employment with SAP, Panetta earned a base salary and was eligible to earn commissions which were determined based on sales compensation plans promulgated by SAP on an annual basis.[1]  Prior to 2004, Panetta worked to develop a licensing deal with the United States Postal Service (USPS). In 2004, SAP and USPS

---

[1]  SAP's sales compensation plans for 2000, 2001, 2002, and 2003–in effect from January 1 through December 31 of those respective years–calculated commissions as a percentage of total sales revenue generated by the licensing deals that a solutions engineer facilitated, with such commissions not earned until the year that the sales contracts with customers were executed. However, in 2004, the new annual sales compensation plan significantly changed the commission structure that had been in effect during 2000-2003 by adopting a variable incentive plan that paid bonuses on performance rather than a commission based on a straight percentage of sales revenue.

executed a software licensing contract worth approximately $14 million. Because such contract was *executed* in 2004, the terms and conditions of the 2004 sales compensation plan governed Panetta's compensation for his work on the USPS contract. In addition to receiving his base salary of approximately $115,000, Panetta was paid a bonus in the amount of $12,400. Had the USPS contract been executed at a time when any of the pre-2004 compensation plans were in effect, Panetta would have received a commission of approximately $250,000.

Panetta brought suit in the United States District Court for the Northern District of California against SAP and five individual SAP corporate executives. In it, he claimed that he was not paid the proper commission for his efforts in closing the USPS contract. After the case was transferred to the Eastern District of Pennsylvania, Panetta filed an amended complaint, which included a breach of contract claim, new class action allegations, and claims under Pennsylvania law. Panetta sought leave to file a second amended complaint, attempting to expand his class action allegations to encompass a broader group. Discovery closed on March 15, 2006. On April 7, 2006, the court granted defendants' motion to strike Panetta's class allegations, denied Panetta's motion for leave to file a second amended complaint, and directed Panetta to filed an amended complaint in accordance with the order. Notwithstanding the express direction of the District Court, Panetta filed a second amended complaint on April 18 and again on April 19, 2006, which added a new claim for unjust enrichment/quantum meruit. On June 7, 2006,

defendants again moved to strike Panetta's class allegations as well as the unjust enrichment/quantum meruit claim. On June 22, 2006, the District Court granted defendants' motion. Panetta filed a motion for reconsideration of the June 22 order, which the District Court denied. In its order, the District Court also denied Panetta's request to add an unjust enrichment/quantum meruit claim to his complaint. The court concluded that Panetta had caused undue delay in bringing the claim, the claim was legally futile, and defendants would suffer undue prejudice. On July 14, 2006, the defendants filed a motion for summary judgment on the two remaining claims – breach of contract and violation of Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa. C.S. § 260.1 *et seq.* The District Court granted summary judgment to the defendants on March 30, 2007. Panetta appealed.

## II. DISCUSSION

On appeal, Panetta requests that we vacate the District Court's March 30, 2007, order. However, he raises no argument on appeal disputing the court's grant of summary judgment in favor of defendants on his breach of contract and WPCL claims. Rather, Panetta argues that the District Court erred when it disallowed his unjust enrichment/quantum meruit claim. Our scope of review is limited accordingly.[2]

---

[2] Moreover, for the first time on appeal, Panetta asserts a new equitable estoppel claim, never asserted before the District Court, with regard to the 2003 sales compensation plan in which he states that he was "justified in relying on the belief that the terms of the 2003 Compensation Plan would apply to his work in securing the . . . USPS contract for Defendant SAP." Because it is well recognized that "failure to raise an

4

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review a district court's denial of leave to amend a complaint for abuse of discretion. *See Oran v. Stafford*, 226 F.3d 275, 290-91 (3d Cir. 2000).

After a party has amended its pleading once as a matter of course, a district court may deny a request for leave to amend if the record shows *any* of the following: (1) "undue delay, bad faith or dilatory motive on the part of the movant," (2) "repeated failure to cure deficiencies by amendments previously allowed," (3) "undue prejudice to the opposing party by virtue of allowance of the amendment," *or* (4) "futility of amendment[.]" *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a)(2) (providing that a "court should freely give leave" to a party to amend its complaint "when justice so requires").

Here, the District Court did not abuse its discretion in denying Panetta's request to add an unjust enrichment/quantum meruit claim to his complaint. *Forman*, 371 U.S. at 182. The record establishes undue delay on the part of Panetta in bringing the claim and prejudice to the defendants had the claim been permitted. In particular, we are not persuaded by Panetta's contention that he was only aware of the availability of an unjust enrichment/quantum meruit claim after the close of discovery. Rather, we agree with the District Court that such claim was known to Panetta early on in the litigation because the

issue in the district court constitutes waiver of the argument[,]" we conclude that Panetta has waived this particular claim and we do not address it. *Gass v. Virgin Islands Tele. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002) (citations omitted).

5

cause of action arises out of the same set of facts as the breach of contract claim.

Moreover, allowing Panetta to assert a new claim at such a late stage in the litigation would deprive the defendants of discovery or require them to repeat processes that were already complete. *See e.g.*, *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 642 (3d Cir. 1993).

**III.  CONCLUSION**

Based on the foregoing, we will affirm the judgment of the District Court.